IN THE UNITED STATES
DISTRICT COURT OF NEW JERSEY

| | | |
|---|---|---|
| **FLAKEWOOD A. TUCKER, III** | : | **CIVIL ACTION NO.** |
| 1 Erynwood Avenue | : | |
| Marlton, New Jersey 08503 | : | |
|     **Plaintiff** | | |
| | : | |
| **v.** | : | |
| | : | |
| **EVESHAM TOWNSHIP** | : | |
| 502 Evesboro Medford Road | : | |
| Marlton, New Jersey 08053 | : | |
|     **Defendant** | : | |

## CIVIL ACTION

This action is brought on behalf of Plaintiff Flakewood A. Tucker, III, by and through his undersigned counsel, seeking damages in excess of One Hundred Fifty Thousand Dollars ($150,000.00) upon causes of action stated herein, as follows:

I. <u>JURISDICTION, VENUE AND PARTIES</u>

1. Plaintiff brings this action under Title VII of the Civil Right Act of 1964, 42 U.S.C. § 2000e <u>et</u> <u>seq.</u> as amended by § 1981(a) (hereinafter "Title VII"), 42 U.S.C. § 1989, and the New Jersey Law Against Discrimination (hereinafter "NJLAD"), N.J.S.A. 10:51, <u>et</u> <u>seq.</u> Jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and § 1343. The Court's pendent jurisdiction is invoked pursuant to 28 U.S;.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) inasmuch as Plaintiff's causes of action arose in the District of New Jersey and the Defendant is found in the District of New Jersey.

3. Plaintiff Flakewood A. Tucker, III (hereinafter "Plaintiff") is an adult African-American male individual and is a citizen of the state of New Jersey, residing in Marlton, New Jersey.

4. Defendant Evesham Township (hereinafter "Defendant") is a township in Burlington County in the state of New Jersey.

5. At all times material hereto, Defendant Evesham Township acted or failed to act through its authorized agents, servants, workmen and employees who were at all relevant times acting within the course and scope of their employment.

6. At all times relevant hereto, Defendant Evesham Township was under a duty and obligation to reasonably supervise and oversee all employees in the performance of their work and in the employees' relations with other employees.

7. At all times relevant hereto, Defendant Evesham Township was under a legal duty to maintain a workplace free of racial hostility toward minority employees.

8. At all times material hereto, the Evesham Township supervisory employees were acting, or failing to act, within the course and scope of their agency and/or employment, with and on behalf of and/or under the management, control and/or direction of Defendant Evesham Township.

9. At all times material hereto, Defendant Evesham Township was strictly, directly and vicariously liable for the acts or omissions of supervisory employees under the Doctrine of Respondeat Superior.

## II. ADMINISTRATIVE PROCEDURES

10. Plaintiff filed charges of employment discrimination based on race and retaliation against Defendant with the Philadelphia District Office of the Equal Employment Opportunity Commission in Charge No. 846-2014-30181 on January 26, 2015.

11. Plaintiff received the Notice of Right to Sue Within 90 Days from the U.S. Department of Justice, Civil Rights Division dated February 18, 2016. A copy of the Notice of Right to Sue is attached herewith and marked as Exhibit A.

## III. BACKGROUND ALLEGATIONS

12. All preceding paragraphs are incorporated herein and made a part hereof as if set forth fully below.

13. Plaintiff was employed by Defendant as a General Laborer on or about October 28, 2012.

14. Throughout his employment, Plaintiff was subjected to a racially hostile and offensive work environment in that Mike Wallace, a Caucasian male employed by Defendant, routinely called Plaintiff "a house nigger" and "a black bastard."

15. Upon information and belief, Wallace has had several complaints involving workplace violence filed against him.

16. Further, upon information and belief, Defendant has been the defendant in prior claims of race-based employment discrimination.

17. On or about June 20, 2014, Wallace threw a shovel at Plaintiff and stated, "I can't stand working with you niggers!"

18. Wallace then runs away to Road Supervisor Jay Anderson.

19. Anderson orders Plaintiff to leave the worksite.

20. Upon receiving the order from Anderson to leave the worksite, Plaintiff reasonably believed that Anderson was acting for Wallace since Wallace, the actual threat to Plaintiff's safety, was not ordered to leave the site.

21. Plaintiff never physically harmed Wallace or any other employee at any time and did nothing to provoke the assaultive conduct of Wallace; there was no altercation between Wallace and Plaintiff.

22. During the incident with the shovel, Wallace struck Matt Fox with the shovel; Fox also filed a complaint regarding Wallace's conduct.

23. Wallace was not only a threat to Plaintiff, he was a threat to others in the workplace with a history of violence in the workplace.

24. Upon information and belief, Wallace assaulted Aaron Ford; Ford was terminated by the township and subsequently rehired.

25. As a matter of policy, custom, practice, pattern or routine, Wallace is permitted to continue his employment with the township notwithstanding his history of violence in the workplace and his expressed distaste for working with the only African-American employee and/or the employee with a biracial family such as Fox.

26. Defendant Evesham Township hired Plaintiff and Fox to work during leaf collection season.

27. While Plaintiff was initially hired as a seasonal worker in 2012 for the leaf collection season, Plaintiff also worked continuously as a general laborer after the conclusion of the leaf collection season.

28. In April, 2014, Plaintiff completed a new application for fulltime employment as a laborer, which was not limited to seasonal leaf collection. Matt Fox and Branden Bolger also completed job applications for the position.

29. Plaintiff was interviewed for the [position by Tom Cole and Mike Grossman in April or May, 2014, in the Evesham Public Works.

30. The application and interview were part of the hiring process for the permanent position in 2014.

31. The employment applications submitted by Plaintiff and Fox in April of 2014 were still pending when the shovel throwing incident involving Wallace that occurred in June of 2014 was reported by Plaintiff and Fox.

32. Fox was told to make a witness statement regarding what he (Fox) observed.

33. After the investigation was completed, Plaintiff's complaint was sustained.

34. Wallace was suspended for one (1) day, ordered to attend training sessions dealing with workplace harassment, discrimination and sensitivity training.

35. Notwithstanding his conduct and his history of workplace violence, Wallace was permitted to continue his employment with Defendant Evesham Township.

36. Plaintiff was terminated on or about July 6, 2014; no reason was given for the termination of Plaintiff.

37. On or about July 7, 2014, Plaintiff's witness, Fox, was terminated after he gave a statement corroborating Plaintiff's allegations.

38. These terminations occurred in close termporal proximity to the filing of the complaint regarding Wallace's violent, racially offensive conduct and the corroborating witness statement.

39. The reporting of the racially motivated, violent conduct of Wallace by Plaintiff and Fox as the witness was treated more harshly by the Defendant than the racially motivated, violent conduct of Wallace in that Wallace was not terminated while Plaintiff and Plaintiff's witness were terminated by Defendant after the incident was reported. This action was based on Plaintiff's race.

40. Defendant Evesham Township subjected Plaintiff to retaliation for engaging in the protected activity of complaining about the racially offensive, violent conduct of Wallace and for which Wallace was suspended for one day and ordered to sensitivity training.

41. Defendant Evesham Township further subjected Plaintiff to retaliation by terminating him as well as the corroborating witness, Fox, for engaging in oppositional activity in the form of complaining to Defendant about the race=based, violent physical attack by Wallace in the workplace.

6

42. In addition, Defendant Evesham Township engaged in retaliation against Plaintiff by continuing to employ the offender, Wallace, notwithstanding his racially biased, violent behavior in the workplace.

43. Defendant Evesham Township failed to take adequate remedial action against Wallace proportionate to the seriousness of Wallace's conduct given the risk of serious bodily injury to Plaintiff or others.

44. As a direct and proximate result of the Defendant's acts and/or failures to act as described herein, Plaintiff Tucker was subjected to humiliation, embarrassment and mental anguish.

45. As a direct and proximate result of Defendant Evesham Township's retaliatory acts and/or failures to act as described herein, Plaintiff suffered loss of income, loss of professional stature, and loss of equal opportunity for permanent employment.

## IV. FEDERAL CLAIMS

### COUNT I: Plaintiff v. Defendant Evesham Township

46. The allegations in all preceding paragraphs are incorporated herein and made a part hereof as if set forth fully below.

47. The acts and/or failures to act of Defendant Evesham Township discriminated against Plaintiff on the basis of his race and in the terms and conditions of his employment and denied him rights and/or protections secured to him by Title VII, 42 U.S.C. § 2-000e-2(a)(1).

48. The acts and failures to act of Defendant Evesham Township discriminated against Plaintiff on the basis of his race in that his attacker, Wallace, was treated more favorably than Plaintiff, the victim.

49. Defendant Evesham Township denied Plaintiff rights secured to him by Title VII, 42 U.S.C. § 2000e-2(a)(1).

50. The acts and failures to act of Defendant Evesham Township constituted an unlawful employment practice in violation of 42 U.S.C. § 2000e-2(a)(1).

WHEREFORE, Plaintiff demands judgment against Defendant Evesham Township in a sum in excess of One Hundred Fifty Thousand Dollars ($150,000.00) plus compensatory damages, lost wages and attorney fees pursuant to 42 U.S.C. § 1988, plus all other relief to which Plaintiff is entitled.

COUNT II: Plaintiff v. Defendant Evesham Township
(Violation of Title VII, 42 U.S.C. § 2000e-2(a)(2))

51. The allegations in all preceding paragraphs are incorporated herein and made a part hereof as if set forth fully below.

52. The acts and/or failures to act of Defendant Evesham Township discriminated against the Plaintiff by serving to limit, segregate and classify Plaintiff in a way which deprived him of employment opportunities and adversely affected his status as an employee because of his race.

53. The acts and/or failures to act of Defendant discriminated against Plaintiff on the basis of his race and constituted an unlawful employment practice in violation of 42 U.S.C. §2000e-2(a)(2).

54. As a result of Defendant's conduct, Plaintiff has suffered loss of employment and income, loss of professional stature, embarrassment, humiliation, loss of self-esteem, and mental anguish.

WHEREFORE, Plaintiff demands judgment against Defendant Evesham Township in a sum in excess of One Hundred Fifty Thousand Dollars ($150,000.00), attorney fees pursuant to 42 U.S.C. § 1988, costs, expenses, pain and suffering, and all other relief for which the Court deems just.

### COUNT III: Plaintiff v. Defendant Township Health Services
### (Violation of Title VII, 42 U.S.C. § 2000e-3)

55. The allegations in all preceding paragraphs are incorporated and made a part of this paragraph as if fully set forth here.

56. The acts and failures of Defendant Evesham Township, specifically in terminating Plaintiff and refusing to respond to his application for employment after he complained about Wallace's racially offensive, violent conduct, retaliated against Plaintiff, and the failure to hire Plaintiff was in retaliation for complaining about the race-based, violent conduct of a Caucasian employee.

57. Defendant Evesham Township ignored the warning signs of Wallace's prior acts of confrontational behavior in the workplace and failed to take corrective action to make the workplace safe for other workers.

58. Upon information and belief, Defendant has no bona fide business reason for its failure to process Plaintiff's application for employment, which was pending prior to his termination.

59. Upon information and belief, Plaintiff's application for employment was not considered for rehiring or hiring because Plaintiff engaged in protected activity by complaining about Wallace's race-based, violent conduct in the workplace.

60. Upon information and belief, Plaintiff's application was not considered for rehiring or hiring because Plaintiff engaged in protected oppositional activity when he reported Wallace's race-based, violent conduct in the workplace.

61. While Defendant determined that Plaintiff's complaint had merit, Defendant, though aware of prior complaints of Wallace's violent conduct in the workplace, failed to take effective remedial action in response to the prior complaints and failed to take effective remedial action in response to Plaintiff's complaint.

WHEREFORE, Plaintiff demands judgment against Defendant Evesham Township in a sum in excess of One Hundred Fifty Thousand Dollars ($150,000.00) plus attorney fees pursuant to 42 U.S.C. § 1988, costs, interest, and any other relief that the Court deems just.

## V. STATE LAW CLAIMS

COUNT IV: Plaintiff v. Defendant Evesham Township
(Violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-12(11)(a)

62. All preceding paragraphs are incorporated herein and made a part hereof as if set forth fully below.

63. The acts and/or failures to act of Defendant Evesham Township were acts/or failures/omissions to act which tended to discriminate against

Plaintiff with respect to hiring and employment on the basis of Plaintiff's race in that the Caucasian employee who assaulted Plaintiff continues to be employed and was treated favorably by Defendant while Defendant failed to hire Plaintiff or continue to employ Plaintiff after he complained.

64. The acts and omissions/failures to act of Defendant Evesham Township constituted racially discriminatory employment practices in violation of N.J.S.A. 10:5-12(11)(a).

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter an award and judgment for money damages, pain and suffering, attorney fees, costs, and any other relief which the Court deems just.

### COUNT V: Plaintiff v. Defendant Evesham Township
(Violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:15-12(11)(d))

65. The preceding allegations are incorporated herein and made a part hereof as if fully set forth below.

66. The Defendant Township intentionally and willfully retaliated against Plaintiff because he complained about racially discriminatory employment practices and opposed conduct prohibited by N.J.L.A.D. prohibition against retaliation for filing a complaint regarding conduct which violated the New Jersey Law Against Discrimination.

67. As a result of Defendant's conduct, Plaintiff has suffered a loss of employment and income, loss of professional stature, mental anguish, embarrassment, humiliation, and loss of self-esteem.

11

WHEREFORE, Plaintiff demands judgment against Defendant Evesham Township in a sum in excess of One Hundred Fifty Thousand Dollars ($150,000.00) plus interest, attorney fees, costs, and all other relief to which Plaintiff is entitled.

LAW OFFICES OF DEAN F. OWENS

_____
DEAN F. OWENS, ESQUIRE
State I.D. No. 03202-2008
8725 Maple Avenue
Pennsauken, New Jersey 08109

*Attorney for Plaintiff*
*Flakewood A. Tucker, III*